**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **In re:** <br><br> **HEALTH DIAGNOSTIC LABORATORY, INC.,** *et al.*, <br><br> Debtors.[1] | **Chapter 11** <br><br> **Case No.: 15-32919-KRH** <br><br> **Jointly Administered** |
| **RICHARD ARROWSMITH AS LIQUIDATING TRUSTEE OF THE HDL LIQUIDATING TRUST,** <br><br> Plaintiff, <br><br> v. <br><br> **GOLDIS GERIATRICS, P.C.,** *et al.*, <br><br> Defendants. | **Adv. Proceeding No. 17-04329-KRH** |

## MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Richard Arrowsmith, in his capacity as Liquidating Trustee of the HDL Liquidating Trust (the "**Liquidating Trustee**"), appointed pursuant to the confirmed Modified Second Amended

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434).

Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Ste. 2010
Richmond, Virginia 23219
200 Bendix Road, Ste. 300
Virginia Beach, Virginia 23452
Telephone: (757) 687-3644
Email: hdl@wolriv.com

*Counsel to Plaintiff Richard Arrowsmith,*
*Liquidating Trustee of the HDL Liquidating Trust*

Plan of Liquidation (the "**Plan**")[2] of Health Diagnostic Laboratory, Inc., and its affiliated debtors and debtors in possession (the "**Debtors**" or "**HDL**") in their jointly administered bankruptcy cases (the "**Chapter 11 Cases**"), submits this motion for the entry of default and default judgment (the "**Motion**") against Goldis Geriatrics, P.C. (the "**Practice**") and Michael Goldis ("**Goldis**", and collectively with the Practice, the "**Defendants**"), pursuant to Rules 55(a) and 55(b)(1) of the Federal Rules of Civil Procedure (the "**Federal Rules**") and Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). In support of the Motion, the Liquidating Trustee states the following, and with reference to the Declaration of Cullen D. Speckhart submitted, incorporated herewith, and attached as **Exhibit A**.

## Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408, 1409.

3. The basis for the relief requested herein is Rules 55(a) and 55(b)(1) of the Federal Rules and Rule 7055 of the Bankruptcy Rules.

## Background

4. On June 7, 2017, the Liquidating Trustee initiated this adversary proceeding (the "**Adversary Proceeding**") by filing a *Complaint to Avoid and Recover Avoidable Transfers and for Related Relief* [Docket No. 1] against the Defendants (the "**Complaint**").

5. On June 8, 2017, the Clerk's Office issued a *Summons and Notice in an Adversary*

---

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Plan, which is annexed to the Confirmation Order (as defined herein).

*Proceeding* [Docket No. 3] (the "**Summons**") in the Adversary Proceeding which required the Defendants to serve an Answer or other responsive pleading within thirty days from the date of service of this Summons.

6. On July 21, 2017, the Liquidating Trustee filed a *Certificate of Service* [Docket No. 4] (the "**Certificate of Service**"). As more fully detailed in the Certificate of Service, on July 21, 2017, the Liquidating Trustee effectuated service of the Summons and the Complaint on the Practice's registered agent and officer, and Goldis individually in accordance with Rule 7004(b)(1)-(3) of the Bankruptcy Rules.

7. As of the date of this Motion, the Defendants have not filed any responsive pleadings in this Adversary Proceeding within the time limit fixed by Rule 7012(a) of the Bankruptcy Rules and the *Order Approving Amended Procedures for Avoidance Action Adversary Proceedings* [Docket No. 2740 in Case No. 15-32919-KRH]. Accordingly, the Defendants are in default.

8. In the Complaint, the Liquidating Trustee requested that the Bankruptcy Court to enter an Order and Judgement as follows:

(a) awarding judgment to the Liquidating Trustee, pursuant to Sections 548, 544(b) and 550 of the Bankruptcy Code, Va. Code Sections 55-80 and 55-81, or pursuant to other applicable state fraudulent conveyance or fraudulent transfer law, and as applicable, 28 U.S.C. § 3304, in an amount of the Avoidable Transfers, and directing the Defendants to pay to the Liquidating Trustee $3,900.00 pursuant to Section 550(a) of the Bankruptcy Code;

(b) disallowing any claim of the Defendants pursuant to section 502(d) of the Bankruptcy Code;

(c) awarding the Liquidating Trustee his costs and expenses incurred in connection with this Adversary Proceeding, including reasonable attorneys' fees, in the amount of $1,000.00;

 (d) entering judgment in favor of the Liquidating Trustee and against the Defendants in the total amount of $4,900.00 (the "**Judgment**");

 (e) awarding post-judgment interest at the maximum legal rate running from the date of the judgment until the date the Judgment is paid in full;

 (f) directing the Defendants to pay forthwith all amounts awarded; and

 (g) granting the Liquidating Trustee such other and further relief as the Bankruptcy Court deems just and proper.

 9. The Liquidating Trustee's claim is for a sum certain.

 10. Upon information and belief, the Defendants are not in military service

 11. Upon information and belief, the Defendants are not minors or incompetent persons.

### Relief Requested

 12. By this Motion, the Liquidating Trustee respectfully requests (a) the Court to enter an Order substantially in the form of **Exhibit B** pursuant to Rules 55(a) and 55(b)(1) of the Federal Rules and Rule 7055 of the Bankruptcy Rules; and (b) granting related relief.

### Basis for Relief

 13. "Federal Rule of Bankruptcy Procedure 7055 incorporates into adversary proceedings Rule 55 of the Federal Rules of Civil Procedure." *Ruby v. Ryan (In re Ryan)*, 472 B.R. 714, 723 (Bankr. E.D. Va. 2012).

 14. Rule 55(a) of the Federal Rules provides in pertinent part, "When a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

 15. "[D]efault judgment is available 'when the adversary process has been halted

because of an essentially unresponsive party.'" *Ruby*, 472 B.R. at 723.

16. The Defendants have failed to plead or otherwise defend as of the filing of this Motion, and that failure is shown by affidavit. Accordingly, the Defendants are in default.

17. As a result of the Defendants' default in this Adversary Proceeding, the Liquidating Trustee is entitled to a default Judgment by the Clerk in the amount of $4,900.00.

## Memorandum of Law

18. Pursuant to Local Bankruptcy Rule 9013-1(G)(2)(c), a memorandum need not accompany a motion for default judgement.

**WHEREFORE**, the Plaintiff, by counsel, respectfully requests that the Court find the Defendants to be in default pursuant to Rule 55(a) and 55(b)(1) of the Federal Rules and Rule 7055 of the Bankruptcy Rules, and grant further relief as the Court deems just and proper.

DATED: April 17, 2019  Respectfully submitted,

*/s/ Cullen D. Speckhart*
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Ste. 2010
Richmond, Virginia 23219
200 Bendix Road, Ste. 300
Virginia Beach, Virginia 23452
Telephone: (757) 497-6633
Direct: (757) 470-5566
Email: cspeckhart@wolriv.com

*Counsel to Plaintiff Richard Arrowsmith, Liquidating Trustee of the HDL Liquidating Trust*

# CERTIFICATE OF SERVICE

    I certify that on April 17, 2019, a true copy of the foregoing *Motion for Entry of Default and Default Judgment,* was sent by First Class, postage prepaid mail, to the following:

**GOLDIS GERIATRICS, P.C.**
MICHAEL E. GOLDIS
REG. AGENT AND PRESIDENT
36 STOKES ROAD
MT. LAUREL, NJ 08054

**MICHAEL GOLDIS**
119 E. LAUREL ROAD
STRATFORD, NJ 08084

                                            */s/ Cullen D. Speckhart*
                                            Cullen D. Speckhart, Esq.

**Exhibit A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| **In re:** <br><br> **HEALTH DIAGNOSTIC LABORATORY, INC.,** *et al.*, <br><br> Debtors.[1] | **Chapter 11** <br><br> **Case No.: 15-32919-KRH** <br><br> **Jointly Administered** |
| **RICHARD ARROWSMITH AS LIQUIDATING TRUSTEE OF THE HDL LIQUIDATING TRUST,** <br><br> Plaintiff, <br><br> v. <br><br> **GOLDIS GERIATRICS, P.C.,** *et al.*, <br><br> Defendants. | **Adv. Proceeding No. 17-04329-KRH** |

## DECLARATION OF CULLEN D. SPECKHART

I, Cullen D. Speckhart, Esquire, declare under penalty of perjury of the laws of the United States of America that the following are true and correct, and state:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434).

Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Ste. 2010
Richmond, Virginia 23219
200 Bendix Road, Ste. 300
Virginia Beach, Virginia 23452
Telephone: (757) 687-3644
Email: hdl@wolriv.com

*Counsel to Plaintiff Richard Arrowsmith,*
*Liquidating Trustee of the HDL Liquidating Trust*

1. I am counsel for Richard Arrowsmith, in his capacity as Liquidating Trustee of the HDL Liquidating Trust (the "**Plaintiff**" or the "**Liquidating Trustee**"), appointed pursuant to the confirmed Modified Second Amended Plan of Liquidation (the "**Plan**") of Health Diagnostic Laboratory, Inc., *et al*. (the "**Debtors**"), the Plaintiff in the above-captioned adversary proceeding against Goldis Geriatrics, P.C. and Michael Goldis (the "**Defendants**").

2. On June 7, 2017, Plaintiff filed this adversary proceeding (the "**Adversary Proceeding**") by filing a *Complaint to Avoid and Recover Avoidable Transfers and for Related Relief* [Docket No. 1] against the Defendants (the "**Complaint**").

3. On June 8, 2017, the Clerk's Office issued a *Summons and Notice in an Adversary Proceeding* [Docket No. 3] in the Adversary Proceeding (the "**Summons**").

4. On July 21, 2017, the Plaintiff filed a *Certificate of Service* (the "**Certificate of Service**") [Docket No. 4]. As more fully detailed in the Certificate of Service, on July 21, 2017, the Plaintiff effectuated service of the Summons and the Complaint on the Defendants by mail service, in accordance with Bankruptcy Procedure Rule 7004.

5. As of the date of this Motion, the Defendants have not filed any responsive pleadings in this Adversary Proceeding. Accordingly, the Defendants are in default.

6. To date, attorneys' fees have been incurred in this matter for an amount not less than $650.00, and costs have been incurred in an amount not less than $350.00.

7. The Liquidating Trustee's claim is for a sum certain, $3,900.00 for avoidance and recovery of transfers, $650.00 for legal fees, and $350 in costs, for a total amount of $4,900.00.

8. To the best of my knowledge and belief, the Defendants are not in military service.

9. To the best of my knowledge and belief, the Defendants are not infants or

incompetent persons.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and accurate.

Dated: April 17, 2019

*/s/ Cullen D. Speckhart*
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Ste. 2010
Richmond, Virginia 23219
200 Bendix Road, Ste. 300
Virginia Beach, Virginia 23452
Telephone: (757) 687-3644
Email: hdl@wolriv.com

*Counsel to Plaintiff Richard Arrowsmith,*
*Liquidating Trustee of the HDL Liquidating*
*Trust*

**Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **In re:** <br><br> **HEALTH DIAGNOSTIC LABORATORY, INC.**, *et al.*, <br><br> Debtors.[1] | **Chapter 11** <br><br> **Case No.: 15-32919-KRH** <br><br> **Jointly Administered** |
| **RICHARD ARROWSMITH AS LIQUIDATING TRUSTEE OF THE HDL LIQUIDATING TRUST,** <br><br>     Plaintiff, <br> v. <br> **GOLDIS GERIATRICS, P.C.**, *et al.*, <br><br>     Defendants. | **Adv. Proceeding No. 17-04329-KRH** |

## ORDER GRANTING THE ENTRY OF DEFAULT AND DEFAULT JUDGMENT

On April 17, 2019, Richard Arrowsmith, in his capacity as Liquidating Trustee of the HDL Liquidating Trust (the "**Liquidating Trustee**"), appointed pursuant to the confirmed Modified

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728), and Integrated Health Leaders, LLC (2434).

Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Ste. 2010
Richmond, Virginia 23219
200 Bendix Road, Ste. 300
Virginia Beach, Virginia 23452
Telephone: (757) 687-3644
Email: hdl@wolriv.com

*Counsel to Plaintiff Richard Arrowsmith,
Liquidating Trustee of the HDL Liquidating Trust*

Second Amended Plan of Liquidation (the "**Plan**") of Health Diagnostic Laboratory, Inc., and its affiliated debtors and debtors in possession (the "**Debtors**" or "**HDL**") in their jointly administered bankruptcy cases (the "**Chapter 11 Cases**"), by and through his undersigned counsel, filed his *Motion for Entry of Default and Default Judgment* (the "**Motion**") against Goldis Geriatrics, P.C. and Michael Goldis (the "**Defendants**"), in the above-captioned Adversary Proceeding.[2] The Court, having considered the Motion submitted by the Plaintiff, it appearing that due notice was given and that good cause exists to grant the relief sought in the Motion, it is hereby

**ADJUDGED, ORDERED AND DECREED:**

1. The Motion is **GRANTED**.

2. Default is hereby entered against the Defendants as authorized by Federal Rule of Bankruptcy Procedure 7055.

3. Default Judgment is hereby entered in favor of the Plaintiff and against the Defendants in the above captioned Adversary Proceeding and all relief sought by the Plaintiff therein is granted, including the following:

   a. Plaintiff is hereby awarded the avoidable transfers in the amount of $3,900.00;

   b. Plaintiff is hereby awarded his costs and expenses incurred in connection with this Adversary Proceeding, including attorney's fees, in the total amount of $1,000.00;

   c. Judgment is entered in favor of the Plaintiff and against the Defendant in the amount of $4,900.00, which includes the amount of avoidable transfers, costs and expenses, including reasonable attorney's fees;

   d. Post-judgment interest at the maximum legal rate running from the date of the Judgment until the date the Judgment is paid in full;

---

[2] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

      e. The Defendants are hereby ordered to pay forthwith the amount of the Judgment granted herein; and

      f. Any Claim of the Defendants pursuant to section 502(d) of the Bankruptcy Code is hereby disallowed.

4. The Defendants are hereby directed to pay forthwith the amount of the Judgment.

Dated: _____
Richmond, Virginia

                                                       _____
                                                        UNITED STATES BANKRUPTCY JUDGE

                                                      Entered on Docket: _____

I ask for this:

By: /s/ *Draft*
Cullen D. Speckhart (VSB No. 79096)
**WOLCOTT RIVERS GATES**
919 E. Main Street, Suite 2010
Richmond, VA 23219
200 Bendix Road, Ste. 300
Virginia Beach, VA 23452
Telephone: (757) 497-6633
Direct: (757) 470-5566
Email: cspeckhart@wolriv.com
*Counsel to Richard Arrowsmith,*
*Liquidating Trustee of the HDL Liquidating Trust*

## CERTIFICATE OF ENDORSEMENT
## PURSUANT TO LOCAL BANKRUPTCY RULE 9022-1

    I hereby certify, under Local Rule 9022-1, that the foregoing proposed Order has been endorsed by and/or served upon all necessary parties.

                                      */s/Draft*
                              Cullen D. Speckhart